**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KEVIN RAWLS** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **Civil Action No.:** |
| **v.** | ) | |
| | ) | **Section:** |
| **RYDER TRUCK RENTAL, INC. and** | ) | |
| **RYDER TRUCK RENTAL, LT** | ) | **Magistrate:** |
| | ) | |
| **Defendants** | ) | |

**COMPLAINT FOR DAMAGES**
**(JURY TRIAL REQUESTED)**

NOW INTO COURT through undersigned counsel comes plaintiff Kevin Rawls, a citizen and domiciliary of Mississippi, and respectfully moves and represents as follows:

(1)

There is diversity jurisdiction of this matter, inasmuch as plaintiff is a citizen of Mississippi, defendants are citizens of Florida, and the amount in controversy, exclusive of attorney fees, interest, and costs, is in excess of $75,000.

(2)

There is venue of this matter in the Eastern District of Louisiana inasmuch as the wrongful actions of defendants complained of herein occurred in Hammond, Louisiana within the jurisdiction of this Honorable Court.

(3)

Made defendants herein are:

RYDER TRUCK RENTAL, INC., a business corporation authorized to do and doing business within the jurisdiction of this Honorable Court;

RYDER TRUCK RENTAL, LT, a business corporation authorized to do and doing business within the jurisdiction of this Honorable Court.

(4)

The two entities named as defendant herein are related and cooperate in the business of leasing and maintaining trucks. The exact allocation of responsibility between these two entities is unknown to plaintiff herein, wherefore plaintiff will refer to both entities collectively as “Ryder” and plaintiff will aver, on information and belief, that both entities are legally responsible for the injuries complained of by plaintiff herein.

(5)

At all times pertinent hereto, plaintiff was a truck driver employed by Nelson Wholesale. Nelson Wholesale leased trucks from Ryder. The lease was executed at Ryder’s facility in Hammond, Louisiana and the leased trucks were maintained by mechanics employed by Ryder and working at Ryder’s facility in Hammond, Louisiana.

(6)

One of the trucks which Ryder leased to Nelson Wholesale and maintained thereafter pursuant to its agreement with Nelson Wholesale had license number L578713.

(7)

The contract between Nelson Wholesale and Ryder, has made Ryder responsible for the Plaintiff’s injuries and damages.

(8)

This truck was designed and equipped to deliver heavy loads and one of its features was a "lift" device on the back. When the "lift" device was working properly, it would function as follows. When the driver would arrive on site, he would open the back of the truck and manually pull the lift device out of the truck and into position. When in position, the lift device consisted of a flat floor area set on a mechanism which could be used to raise or lower the floor area. At its lowest point, the floor area would sit immediately at ground level. At its highest point, the floor area would be flush with the truck interior. The driver could raise or lower the lift device by pushing a button. Thus, the lift floor would go up and down behind the truck. Thus, the lift operated somewhat like an elevator going up and down behind the truck.

(9)

The lift device, once in position, could be used to unload the truck. The driver would put the lift device in its highest position so that it would be level with, and flush with, the floor of the back of the truck where the truck's load was stored. Then the driver would move one or more pallets of goods from the interior of the truck to the lift floor. Then the driver would push the button and lower the lift floor down to ground level. From this position, the pallet(s) could be transferred to a dolly or otherwise moved from the ground behind the truck and into the premises of the customer who was purchasing the pallet of goods. The point of the lift is that, when it works correctly, pallets of goods can be moved from the truck to the surface of the ground using the mechanical strength of the lift instead of human effort, thereby decreasing the chances of damage to the pallets of goods or injury to the persons unloading the truck. The lift device could also, of course, be used in the opposite direction to load the truck by lifting pallets from the floor of the storage area up to a level flush with the load area in the back of the truck.

(10)

The truck was several years old. On information and belief, Ryder mechanics at the Hammond, Louisiana facility were responsible for inspecting and maintaining the lift device to ensure that it would continue to operate correctly.

(11)

On or about January 6, 2017, Nelson Wholesale assigned plaintiff Kevin Rawls to drive the truck in question to Florida in order to deliver a load of goods to customers in Florida.

(12)

Mr. Rawls drove the truck to Florida without incident. When he arrived in Florida, he went to a customer's place of business to deliver the customer's order. After arriving, he opened the back of the truck and manually positioned the lift gate. Then he and one of the customer's employees began to unload the truck.

(13)

Mr. Rawls pushed the button and the lift, apparently operating correctly, rose into position flush with the back of the truck. Mr. Rawls and the customer's employee then went into the truck and loaded a pallet onto the lift. As they finished loading the pallet, the lift collapsed and threw Mr. Rawls to the ground.

(14)

The drop from the back of the truck to the ground was approximately 3-4 feet (best estimate). Mr. Rawls landed hard on his left side and suffered injury to his neck, left shoulder, back, and left hip, leg, and ankle. He now suffers from headaches. Conservative treatment has not alleviated his symptoms and his treating medical provider has referred him for an MRI to determine the full extent

of his injuries.

(15)

Inspection of the truck after Mr. Rawls' injury showed that the lift device had failed, precipitating the injury. The truck could not be put back in service without repairs.

(16)

On information and belief, the lift device had been damaged by flooding or in a previous accident and never properly repaired, such that the truck should not have been placed in service.

(17)

The injuries suffered by Mr. Rawls were caused by the fault or neglect of defendants herein as follows:

(A) Negligence in maintaining the truck and, more specifically, negligent failure to keep the lift device in good repair;

(B) Negligence in inspecting the truck and, more specifically, negligent failure to identify the fact that the lift device had become damaged and dangerous;

(C) Negligence in placing the truck in service when defendants knew or should have known that the truck had suffered damage as the result of a previous accident or flooding, making it defective and unreasonably dangerous to operate;

(D) Failure to warn Mr. Rawls' employer and Mr. Rawls about the damage to the truck.

(18)

As a result of the above and foregoing, Mr. Rawls has suffered past and future physical and mental pain and anguish, past and future total or partial disability, past and future lost income, past and future medical expenses, and loss of the enjoyment of life.

(19)

The full extent of Mr. Rawls' injuries and damages is not yet known, inasmuch as Mr. Rawls has not yet had the recommended MRI, but in a worst case scenario, it appears that the amount necessary to compensate Mr. Rawls for his injuries could be as high as 10 million dollars ($10,000,000.00).

(20)

Plaintiff requests a jury trial on all issues triable by jury herein.

WHEREFORE plaintiff Kevin Rawls prays that, after due proceedings had, there be judgment in his favor and against defendants RYDER TRUCK RENTAL, INC. and RYDER TRUCK RENTAL, LT, jointly or as their respective liabilities may otherwise be shown to exist, in the amount of ten million and no/100 dollars ($ 10,000,000.00), for all costs of court, for interest from date of judicial demand until paid, AND FOR A TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY HEREIN.

Respectfully submitted, this the 23rd day of March, 2017.

BY: KEVIN RAWLS

BY: /s/ George W. Healy, IV
George W. Healy, IV (LABN 14991)
George W. Healy, IV & Associates
1323 28th Avenue, Suite A
Gulfport, MS 39501
Telephone: 228-575-40005
Facsimile: 228-575-4006
***Attorney for Plaintiff***

AND

/s/ Randy J. Ungar
Randy J. Ungar (LABN 12387)

No. 5 Tara Place
Metairie, LA 70002
Telephone: 504-517-5879
***Attorney for Plaintiff***

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KEVIN RAWLS** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **Civil Action No.:** |
| **v.** | ) | |
| | ) | **Section:** |
| **RYDER TRUCK RENTAL, INC. and** | ) | |
| **RYDER TRUCK RENTAL, LT** | ) | **Magistrate:** |
| | ) | |
| **Defendants** | ) | |

**VERIFICATION PURSUANT TO 28 USC 1746**

NOW INTO COURT comes Kevin Rawls, who respectfully represents as follows:

I have read the above and foregoing complaint and the statements therein are accurate to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 23rd day of March, 2017.

Kevin Rawls